**JEFFREY S. YOUNG, SBN172016**
**LAW OFFICES OF JEFFREY S. YOUNG**
1307 State Street, First Floor
Santa Barbara, CA 93101
jeff@jeffreyyounglaw.com
Tel: (805) 884-0338
Fax: (805) 884-0799

Attorney for Plaintiff GREG YOUNG PUBLISHING, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREG YOUNG PUBLISHING, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEAN-LUC DESREUMAUX, an individual, doing business as, VOILA VINTAGE and VOILA PRODUCTIONS,<br><br>Defendants | Case No. 2:15-cv-09267<br><br><br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Greg Young Publishing, Inc. ("GYP"), by its undersigned counsel, for its complaint against Jean-Luc Desreumaux,, alleges as follows:

## PARTIES

1. Greg Young Publishing, Inc. (hereinafter "GP" or "Plaintiff") is a California corporation domiciled in Santa Barbara, California.  Greg Young is the

corporation's president and sole shareholder.

2. Jean-Luc Desreumaux, (hereinafter "Mr. Desreumaux" or "Defendant") is an individual, doing business as Voila Vintage and Voila Productions, and domiciled in West Hills, California.

## JURISDICTION AND VENUE

3. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

4. Personal Jurisdiction and Venue are proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this district, and advertises, markets and sells goods in this district via the Internet or directly. Defendant's wrongful conduct caused harm in this district, which harm Defendant knew and/or intended would occur in this district.

## FACTUAL BACKGROUND
### Greg Young Publishing, Inc.

5. Plaintiff, GYP is a California-based art publisher. GYP represents several artists, including Kerne Erickson.

6. Kerne Erickson is one of the many successful artists that GYP represents. The vintage-inspired travel and beach themed paintings created by Mr. Erickson have proven to be some of the most popular works licensed by GYP. Mr. Erickson's works are unique within those offered by GYP in that GYP personally commissions works from Mr. Erickson and purchases the copyrights in those works by way of a written assignment.

7. Since the late 1990's, GYP has collaborated with Mr. Erickson on a series of original designs that have become internationally known in the area of

retro-vintage poster art. At that time, GYP began publishing the designs as posters and selling them to the public.

8. Mr. Erickson's works have been a top seller on Art.com, the largest retailer of poster and wall decor art. In about 2002, GYP started to license Mr. Erickson's designs to manufactures of various products such as puzzles, greeting cards, postcards, shower curtains, shoes, apparel and much more. In 2006, GYP published a coffee table book entitled <u>Kerne Erickson</u>, which showcases Mr. Erickson's work. This book was sold through the Tommy Bahama retail outlets as well through e-commerce websites.

9. Mr. Erickson has been and continues to be an internationally recognized artist. He is one of Hawaii's most recognizable artists for postcard, greeting card and calendar printed materials. His designs have been used on a number of T.V. and motion picture background set dressings. The Bequia Beach Hotel and the Grenadine House, both in the Eastern Caribbean, commissioned GYP to have Mr. Erickson create two paintings depicting these hotels' surroundings. Both hotels promote in their marketing materials the fact that Mr. Erickson's work is a feature of their hotel rooms and sold on merchandise offered through the hotels. Mr. Erickson has also worked for Disney, the last project being the 130 foot mural in Disney's Grand California Adventure Hotel. In 2007, Norwegian Cruise lines, through GYP, created an exclusive line of Kerne Erickson merchandise. This merchandise was sold on their cruise ships operating in the Hawaiian Islands. The November 2014 issue of Harrods Travel Magazine featured an article with three of Mr. Erickson's works.

10. When licensing to manufactures, GYP has always required a visible attribution that notices Kerne Erickson as the artist and GYP as the copyright owner. Despite this fact, and because of Mr. Erickson's popularity, GYP is constantly required to protect its rights in and out of

court against willful infringers who believe that they can do as they please without any consequences and in violation of the law.

11. GYP has continuously protected the copyrights it has acquired in Mr. Erickson's works. GYP registers all of its artwork with the U.S. Copyright Office and places a watermark on all of the artwork it displays on its website, along with a notice of copyright. In addition, all licensees of GYP's artworks are required to place a copyright notice and a Kerne Erickson attribution on the artwork that they offer for sale.

### Jean-Luc Desreumaux

12. Jean-Luc Desreumaux is a California resident who does business as a sole proprietor under the names Voila Vintage and Et Voila Productions.

13. Mr. Desreumaux sells copies of vintage style artwork online at the websites Francofolie.com (first registered as a domain name on March 3, 2000) and Voilavintage.com (first registered as a domain name on September 7, 2004) and at trade shows and street fairs.

14. According to Mr. Desreumaux, as posted on his company's profile page on the social media website LinkedIn.com; "Voila Vintage is a Fine Art Publishing & Printing Company specialized in museum quality reproduction of vintage advertising from the 1880-1950 period. We produce our own giclees on canvas & frames. Serving the hotel-restaurant industry, business offices & individual decoration needs."

15. According to information previously provided to Plaintiff by Mr. Desreumaux, Defendant purchased Kerne Erickson posters from Greg Young Publishing, Inc. each year from 2003 to April 30, 2009.

16. In 2009, GYP sold its Kerne Erickson poster inventory to Art.com and ceased selling posters directly to Mr. Desreumaux after Defendant's final purchase from GYP on April 30, 2009.

17. Once Mr. Desreumaux sold the inventory of Kerne Erickson posters he had purchased from GYP, he began to make his own reproductions, without authorization, to sell to his clientele, in violation of Plaintiff's copyrights.

18. On or about December 12, 2014, GYP first discovered Defendant's website, Voilavintage.com, offering custom printed Kerne Erickson products.

## THE INFRINGED ARTWORK

19. Relevant to this action, Mr. Erickson painted, and later sold and assigned to GYP the copyrights in 29 separate original pieces of artwork (collectively, the "Artwork") entitled:

1) "America by Clipper," see Exhibit "A,"

2) "Catalina by Air," see Exhibit "B,"

3) "Visit Cuba" see Exhibit "C,"

4) "Western Air Express," see Exhibit "D,"

5) "Over Paris," see Exhibit "E,"

6) "Waikiki Beach," see Exhibit "F,"

7) "The Lindbergh Line," see Exhibit "G,"

8) "Super Skyliners," see Exhibit "H,"

9) "Braniff Airways," see Exhibit "I,"

10) "Standard Airlines - El Paso," see Exhibit "J,"

11) "Western Air Express - San Francisco," see Exhibit "K,"

12) "Cuba," see Exhibit "L,"

13) "Waikiki, Los Angeles Steamship Co.," see Exhibit "M,"

14) "Coronado," see Exhibit "N,"

15) "Aloha Towers," see Exhibit "O,"

16) "Aloha Hawaii," see Exhibit "P,"

17) "Hawaii, Land of Surf & Sunshine," see Exhibit "Q,"

18) "Varadero Cuba," see Exhibit "R."

19) "Visit Lahaina," see Exhibit "S."

20) "Huntington Beach," see Exhibit "T."

21) "Wonderful California," see Exhibit "U."

22) "Visit Santa Cruz," see Exhibit "V."

23) "Visit Santa Monica," see Exhibit "W."

24) "San Francisco," see Exhibit "X."

25) "Napa Valley," see Exhibit "Y."

26) "Pacific Coast," see Exhibit "Z."

27) "Santa Ynez Valley," see Exhibit "AA."

28) "Lake Tahoe," see Exhibit "BB."

29) "Yosemite Glacier Point Hotel," see Exhibit "CC."

20. At all times relevant herein, Mr. Erickson and GYP have complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of the "Artwork."

21. A registration for "America by Clipper" was issued by the U.S. Copyright Office effective in 2000, under Registration Number VA1-002-258. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-433-522. Attached as part of Exhibit "A" is a true and correct copy of the certificate of registration for "America by Clipper."

22. A registration for "Catalina by Air" was issued by the U.S. Copyright Office effective in 2000, under Registration Number VA1-052-091. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-433-518. Attached as part of Exhibit "B" is a true and correct copy of the certificate of registration for "Catalina by Air."

24. A registration for "Visit Cuba" was issued by the U.S. Copyright Office effective in 2000, under Registration Number VA1-433-528. A

supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-048-130. Attached as part of Exhibit "C" is a true and correct copy of the certificate of registration for "Visit Cuba."

23. A registration for "Western Air Express" was issued by the U.S. Copyright Office effective in 2001, under Registration Number VA1-072-872. A supplemental registration for this work was issued by the U.S. Copyright Office effective October 21, 2003, under Registration Number VA1-236-998. Attached as part of Exhibit "D" is a true and correct copy of the certificate of registration for "Western Air Express."

24. A registration for "Over Paris" was issued by the U.S. Copyright Office effective in 2001, under Registration Number VA1-072-871. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 25, 2013, under Registration Number VA1-433-540. Attached as part of Exhibit "E" is a true and correct copy of the certificate of registration for "Over Paris."

25. A registration for "Waikiki Beach" was issued by the U.S. Copyright Office effective in 2001, under Registration Number VA1-094-499. A supplemental registration for this work was issued by the U.S. Copyright Office effective October 21, 2003, under Registration Number VA1-237-003. Attached as part of Exhibit "F" is a true and correct copy of the certificate of registration for "Waikiki Beach."

26. A registration for "The Lindberg Line" was issued by the U.S. Copyright Office effective 2001, under Registration Number VA1-094-498. A supplemental registration for this work was issued by the U.S. Copyright Office effective October 21, 2003, under Registration Number VA1-237-002. Attached as part of Exhibit "G" is a true and correct copy of the certificate of registration for "The Lindberg Line."

27. A registration for "Super Skyliners" was issued by the U.S. Copyright Office effective in 2001, under Registration Number VA1-094-512. A supplemental registration for this work was issued by the U.S. Copyright Office effective October 21, 2003, under Registration Number VA1-236-999. Attached as part of Exhibit "H" is a true and correct copy of the certificate of registration for "Super Skyliners."

28. A registration for "Braniff Airways" was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-128-532. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 25, 2013, under Registration Number VA1-433-545. Attached as part of Exhibit "I" is a true and correct copy of the certificate of registration for "Braniff Airways."

29. A registration for "Standard Airlines" was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-128-529. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 25, 2013, under Registration Number VA1-433-546. Attached as part of Exhibit "J" is a true and correct copy of the certificate of registration for "Standard Airlines."

30. A registration for "Western Air Express - San Francisco," was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-136-535. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-433-521. Attached as part of Exhibit "K" is a true and correct copy of the certificate of registration for "Western Air Express - San Francisco."

31. A registration for "Cuba" was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-130-347. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-433-517. Attached as part

COMPLAINT FOR COPYRIGHT INFRINGEMENT

of Exhibit "L" is a true and correct copy of the certificate of registration for "Cuba."

32. A registration for "Waikiki, Los Angeles Steamship Co." was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-433-554. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-136-536. Attached as part of Exhibit "M" is a true and correct copy of the certificate of registration for "Waikiki, Los Angeles Steamship Co."

33. A registration for "Coronado" was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-924-141. Attached as part of Exhibit "N" is a true and correct copy of the certificate of registration for "Coronado."

34. A registration for "Aloha Towers" was issued by the U.S. Copyright Office effective in 2002, under Registration Number VA1-164-635. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-433-523. Attached as part of Exhibit "O" is a true and correct copy of the certificate of registration for "Aloha Towers."

35. A registration for "Aloha Hawaii" was issued by the U.S. Copyright Office effective in 2003, under Registration Number VA1-181-636. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 25, 2013, under Registration Number VA1-433-506. Attached as part of Exhibit "P" is a true and correct copy of the certificate of registration for "Aloha Hawaii."

36. A registration for "Hawaii, Land of Surf & Sunshine" was issued by the U.S. Copyright Office effective in 2003, under Registration Number VA1-181-637. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number

VA1-433-525. Attached as part of Exhibit "Q" is a true and correct copy of the certificate of registration for "Hawaii, Land of Surf & Sunshine."

37. A registration for "Varadero Cuba" was issued by the U.S. Copyright Office effective in 2003, under Registration Number VA1-219-145. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 25, 2013, under Registration Number VA1-433-544. Attached as part of Exhibit "R" is a true and correct copy of the certificate of registration for "Varadero Cuba."

38. A registration for "Visit Lahaina" was issued by the U.S. Copyright Office effective in 2003, under Registration Number VA1-224-736. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 25, 2013, under Registration Number VA1-433-535. Attached as part of Exhibit "S" is a true and correct copy of the certificate of registration for "Visit Lahaina."

39. A registration for "Huntington Beach" was issued by the U.S. Copyright Office effective in 2004, under Registration Number VA1-215-855. A supplemental registration for this work was issued by the U.S. Copyright Office effective July 23, 2013, under Registration Number VA1-433-557. Attached as part of Exhibit "T" is a true and correct copy of the certificate of registration for "Huntington Beach."

40. A registration for "Wonderful California" was issued by the U.S. Copyright Office effective on July 21, 2004, under Registration Number VAu-636-441. Attached as part of Exhibit "U" is a true and correct copy of the certificate of registration for "Wonderful California."

41. A registration for "Visit Santa Cruz" was issued by the U.S. Copyright Office effective on January 11, 2005, under Registration Number VA1-297-305. Attached as part of Exhibit "V" is a true and correct copy of the certificate of registration for "Visit Santa Cruz."

42. A registration for "Visit Santa Monica" was issued by the U.S. Copyright Office effective on January 11, 2005, under Registration Number VA1-297-304. Attached as part of Exhibit "W" is a true and correct copy of the certificate of registration for "Visit Santa Monica."

43. A registration for "San Francisco" was issued by the U.S. Copyright Office effective on June 14, 2005, under Registration Number VAu-674-528. Attached as part of Exhibit "X" is a true and correct copy of the certificate of registration for "San Francisco."

44. A registration for "Napa Valley" was issued by the U.S. Copyright Office effective on September 9, 2005, under Registration Number VAu-685-248. Attached as part of Exhibit "Y" is a true and correct copy of the certificate of registration for "Napa Valley."

45. A registration for "Pacific Coast" was issued by the U.S. Copyright Office effective on September 9, 2005, under Registration Number VAu-685-251. Attached as part of Exhibit "Z" is a true and correct copy of the certificate of registration for "Pacific Coast."

46. A registration for "Santa Ynez" was issued by the U.S. Copyright Office effective on September 9, 2005, under Registration Number VAu-685-252. Attached as part of Exhibit "AA" is a true and correct copy of the certificate of registration for "Santa Ynez."

47. A registration for "Lake Tahoe" was issued by the U.S. Copyright Office effective on May 31, 2006, under Registration Number VA1-368-835. Attached as part of Exhibit "BB" is a true and correct copy of the certificate of registration for "Lake Tahoe."

48. A registration for "Yosemite Glacier Point Hotel" was issued by the U.S. Copyright Office effective on May 31, 2006, under Registration Number VA1-368-836. Attached as part of Exhibit "CC" is a true and correct copy of the certificate of registration for "Yosemite Glacier Point Hotel."

11
COMPLAINT FOR COPYRIGHT INFRINGEMENT

## DESREUMAUX'S INFRINGING ACTIVITIES

49. After GYP ceased to directly sell posters of the "Artwork" to Defendant in 2009, Defendant began to and continued to make unauthorized reproductions of each of the 29 individual works of art described above as the "Artwork." Defendant in turn willfully displayed, offered for sale, copied, reproduced and printed the "Artwork," which he sold and distributed to the public, all without permission or license from GYP.

50. Further, without authorization and in violation of GYP's copyrights, Defendant created derivative works of the "Artwork" by resizing and cutting off portions of the "Artwork" to fit on the products it produced and sold.

## COPYRIGHT INFRINGEMENT COUNT

52. GYP incorporates the prior paragraphs by reference as though fully set forth herein.

53. GYP owns all title and interest in the copyrights of the "Artwork" that has been displayed, reproduced, copied, sold, and distributed by Defendant.

53. Defendant has willfully, intentionally, and deliberately infringed the copyrights of the "Artwork" by unlawfully displaying, reproducing, copying, selling, and distributing copies of the "Artwork" in violation of the United States Copyright Act, 17 U.S.C. § 501, *et seq*.

54. Defendant had and continues to have access to the "Artwork," by nature of the fact that copies of each of the images were purchased by Defendant from GYP between 2003 and 2009.

55. GYP is entitled to recover Defendant's profits, or at GYP's election, statutory damages in accordance with 17 U.S.C. § 504.

56. GYP is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, GYP prays for judgment against Defendant as follows:

1. Judgment in favor of GYP and against Defendant;
2. An Order enjoining Defendant from using the "Artwork";
3. An Order that requires Defendant to pay his profits to GYP, or, at GYP's election statutory damages as provided under 17 U.S.C. § 504;
4. An Order multiplying the amount of the damages awarded to GYP as permitted by law;
5. An Order awarding GYP pre- and post-judgment interest on the money damages;
6. An Order that Defendant pays GYP for the costs of the action and GYP's reasonable attorneys' fees as provided under 17 U.S.C.§ 505; and
7. An Order granting GYP such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GYP demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: December 1, 2015        LAW OFFICES OF JEFFREY YOUNG

By:     /s/ *Jeffrey S. Young*

Jeffrey S. Young, Attorney for Plaintiff
GREG YOUNG PUBLISHING, INC.